**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE ALFARO, RAFAEL MAS,**

            **Plaintiffs,**

**-vs-**                                           **Case No.  6:05-cv-1639-Orl-28DAB**

**BRIGGS & STRATTON CORPORATION,**

            **Defendant.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT'S MOTION TO COMPEL (Doc. No. 35)**
>
> **FILED:**       **May 2, 2007**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. *See* Doc. Nos. 38, 40.

According to Plaintiffs' counsel, Edward Gay, Esq., he learned for the first time on May 22, 2007, that Dr. Marjorie Butler, Ph.D., serving as public guardian for the counties of Manatee and Desoto, sought to be named the guardian over person and property for Plaintiff Rafael Mas.[1] A state court judge on May 29, 2007 determined that Rafael Mas was incapacitated and officially appointed Dr. Butler guardian over his person and property.  Doc. No. 40-2.

_____

[1] Dr. Butler had previously obtained a Power of Attorney in August 2006, of which the other Plaintiffs, although family members of Rafael Mas, were unaware.  Doc. No. 40 at 2.

Federal Rules of Civil Procedure 17(c) governs suits involving incompetent persons. "Whenever an . . . incompetent person has a representative, such as a general guardian, . . . the representative may sue or defend on behalf of the infant or incompetent person." Fed. R. Civ. P. 17(c). According to the documents filed by Plaintiffs' counsel, as of May 29, 2007, Rafael Mas has a court-appointed guardian, Dr. Marjorie Butler of Manatee County. Doc. No. 40-2 at 4-5. "As a general rule, a federal court cannot appoint a guardian ad litem in an action in which the infant or incompetent already is represented by someone who is considered appropriate under the law of the forum state." 6A Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE TREATISE § 1570 (1990). The Court may appoint a special representative or guardian ad litem if it determines that the appointed representative's interests conflict with the incompetent person's or the representative refuses to act. *Id*.

Dr. Butler, as representative of Rafael Mas, is the person currently authorized under state law to act on behalf of Mr. Mas. According to Mr. Gay:

> The Guardian has authorized Plaintiff's counsel to submit a response to Defendant's Request to Produce to acknowledge that Rafael Mas has no documents in his possession that relates to the pending litigation. As to interrogatory responses, the Guardian has stated that she would do the best she could but gave no time frame as to when the answers would be provided. Plaintiffs counsel has no objection, as previously stated in the Response to Defendant's Motion to Compel, for the Defendant to continue to conduct discovery by deposition of the Guardian. It appears to the undersigned that the Guardian that was appointed has little or no knowledge of the pending litigation. In fact, it is undersigned's understanding that the public guardian was not aware of this lawsuit until Monday, May 21, 2007 when she became aware of the Petition in Manatee County by the Plaintiff herein, Ms. Mas, Rafael Mas' niece. Plaintiffs counsel on behalf of Mr. Mas' niece argued before the Circuit Court in Manatee County that she was the best one to represent the interests of Rafael Mas for purpose of litigation due to her full knowledge of what occurred to no avail. *It also appears that Plaintiffs' counsel by definition represents the appointed Guardian because he still represents the interests of Rafael Mas.* Plaintiffs' counsel has a further understanding that the attorney who represented the public Guardian in the state court

>proceedings was representing the Guardian for purposes of the guardianship proceedings only and will not be representing the Guardian for purposes of this litigation.

Doc. No. 40-2. The Guardian of Rafael Mas, Dr. Butler, now represents his interests and must specifically elect whether to be made a party to the case (as guardian) pursuant to Rule 17(c). The rights of an incompetent person are not necessarily adequately protected simply because he is represented by counsel, and the attorney does not automatically become the guardian ad litem. Wright & Miller § 1570.

It is **ORDERED** within 11 days of the date of this Order that the representative of Rafael Mas, Dr. Marjorie Butler, inform the Court of whether she wishes to proceed with the claims previously asserted on behalf of Rafael Mas or whether she wishes that the Court appoint a special representative pursuant to Rule 17(c) solely for purposes of this litigation. Plaintiffs' counsel is **DIRECTED** to have this Order delivered to Dr. Marjorie Butler or her agent immediately.

**DONE** and **ORDERED** in Orlando, Florida on June 14, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record