**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE ALFARO, DELVIA R. ROQUE MAS,**

        **Plaintiffs,**

**-vs-**                      **Case No.  6:05-cv-1639-Orl-28DAB**

**BRIGGS & STRATTON CORPORATION,**

        **Defendant.**
_____

**ORDER**

    This cause is before the Court on Defendant Briggs & Stratton's Motion for Reconsideration (Doc. 72) and Plaintiff's Response in Opposition (Doc. 75).  On September 28, 2007, the Court denied Defendant's motion for summary judgment (Doc. 68) and declined to consider Defendant's arguments pertaining to damages in advance of a determination of liability.  Defendant moves for reconsideration of the latter matter to the extent that the Court deferred consideration of whether Plaintiffs' claim for emotional distress damages is precluded by Florida's impact rule as a matter of law.  In light of the parties' additional briefing and because determination of the matter affects the evidence to be adduced at trial, the Court will reconsider its Order as to this specific issue.

    The impact "rule requires that 'before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact.'" Rowell v. Holt, 850 So. 2d 474, 477-78 (Fla. 2003) (quoting R.J. v. Humana of Fla., Inc., 652 So. 2d 360, 362 (Fla. 1995)).  "Thus,

the impact rule precludes the recovery of damages for negligent infliction of emotional

distress unless the emotional distress arises directly from the physical injuries sustained by

the plaintiff in the impact." <u>Reynolds v. State Farm Mut. Auto. Ins. Co.</u>, 611 So. 2d 1294,

1296 (Fla. 4th DCA 1992).  The rule "has been traditionally applied primarily as a limitation

to assure a tangible validity of claims for emotional or psychological harm." <u>Id.</u> at 478.[1]

---------------------

[1] Defendant argues that "the requisite impact cannot be subtle or insignificant" (Doc. 72 at 4 (emphasis deleted)).  In support of this argument, Defendant relies on <u>Zell v. Meek</u>, 665 So. 2d 1048, 1049 (Fla. 1996), and the factual statement therein that "[the plaintiff] did not suffer any significant physical injuries as a direct result of the smoke or shattered pieces of glass that fell on her [in the bomb blast]."  Defendant's reliance on <u>Zell</u> is misplaced.  In <u>Zell</u>, the Florida Supreme Court relied on one of the numerous exceptions to the traditional impact rule – the exception of <u>Champion v. Gray</u>, 478 So. 2d 17 (Fla. 1985) – rather than the impact rule applicable here.  Under the <u>Champion</u> exception, "persons who suffer a physical injury as a result of emotional distress arising from their witnessing the death or injury of a loved one may maintain a cause of action for negligent infliction of emotional distress." <u>Zell</u>, 665 So. 2d at 1050.  In <u>Zell</u>, the Court noted that the plaintiff's emotional distress arose "immediately after witnessing her father's death." <u>Id.</u>  Her distress did not arise from the impact the plaintiff clearly sustained in the bomb blast.  Moreover, the <u>Zell</u> court stated, "to suffer an impact, a plaintiff may meet rather slight requirements." <u>Id.</u> at 1050 n.1.

The remaining cases cited by Defendant are equally unavailing.  <u>Doyle v. Pillsbury Co.</u>, 476 So. 2d 1271, 1271 (Fla. 1985), concerned a special category of cases carved out of the traditional impact rule for claims relating to foreign objects in food or drink.  <u>Brown v. Cadillac Motor Car Division</u>, 468 So. 2d 903, 904 (Fla. 1985) also applied the <u>Champion</u> exception and denied the plaintiff's claimed mental distress damages because he suffered no physical injuries in any impact or as a result of his distress caused by accidentally running over and killing his mother with his car.  In <u>Ruttger Hotel Corp. v. Wagner</u>, 691 So. 2d 1177, 1178 (Fla. 3d DCA 1997), the plaintiffs were pushed by a robber, but they had no physical injury that they sustained in an impact and thus alleged only purely psychic injury for which they could not recover.  In <u>Jordan v. Equity Properties and Development Co.</u>, 661 So. 2d 1307, 1308 (Fla. 3d DCA 1995), the court recounted the following facts: "With the assailant within inches of her, Ms. Jordan, in what she characterized as a reflexive motion, hit the assailant in the chest and face with the deposit bag.  Both the assailant's gun and the deposit bag fell.  Simultaneously, the assailant and Ms. Jordan stumbled backward."  There is no indication from these brief facts that the Ms. Jordan and the assailant "fell to the ground," as Defendant contends (Doc. 72 at 5), but only that the gun and the bag did.  Ms. Jordan and the assailant merely "stumbled backward." <u>Jordan</u>, 661 So. 2d at 1308.  Moreover, the Third District Court of Appeal concluded that Ms. Jordan failed to meet the

Defendant argues that the singeing of Mr. Alfaro's hair and the discoloration of his skin by the fire was not a physical impact, did not result in physical injuries,[2] and further did not result in any degree of emotional distress independent of the stress associated with losing his home and belongings in the fire.  Plaintiffs refute these contentions and direct the

_____

injury requirement; the court did not address whether she experienced an impact.  Id. at 1308 ("It is uncontroverted that Ms. Jordan did not suffer any physical injuries as a result of her encounter with her assailant.").  Finally, in R.J. v. Humana of Florida, Inc., 652 So. 2d 360, 363 (Fla. 1995), the plaintiff sought unsuccessfully to have the impact rule abolished or to have an exception created that would allow him to recover emotional damages.  The plaintiff further claimed that his injury, which resulted from being misdiagnosed as having HIV, was "hypertension, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and the reasonable expense for medical care and attention."  Id. at 364 (quotation marks omitted).  The court concluded that these intangible, mental injuries were "insufficient to meet the physical injury required under the impact rule."  Id.  Additionally, with little explanation, the court concluded "that the touching of a patient by a doctor and the taking of blood for ordinary testing would not qualify for a physical impact, [but] that other more invasive medical treatment or the prescribing of drugs with toxic or adverse side effects would so qualify."  Id.  This statement is not unpersuasive as Defendant insists it is.  The negligence in R.J. was temporally unrelated to the collection of the plaintiff's blood; the negligence pertained to the subsequent negligent testing and the negligent misdiagnosis eleven days after the blood sample was taken.  Despite the absence of any injury, the plaintiff's distress did not flow from the needle prick but instead flowed from the conveyance of a false diagnosis.  The plaintiff's problem was proximate causation.  This conclusion is fortified by the fact that plaintiff apparently volunteered to have his blood taken to be tested and the taking itself was entirely uneventful.  It seems quite disingenuous to later claim that an impact or injury resulted from it.  If, however, the doctor had been negligent during the actual blood extraction and caused the plaintiff to suffer an immediate injury, it seems as though the impact rule would be satisfied if the plaintiff suffered emotional damages therefrom.

[2] Defendant seems to conflate impact with physical injury.  Under the formulation of impact set forth in Eagle-Picher Industries, Inc. v. Cox, 481 So. 2d 518, 527 (Fla. 3d DCA 1985), and approved of in Zell, see text infra at 4, Mr. Alfaro clearly suffered an impact.  He was not a bystander; he was in the house when the fire started, and he attempted to put the fire out and stop its spread.  The flames singed the hair on his body and the flames or the smoke discolored his skin.  Defendant's true contention appears to be that Mr. Alfaro did not suffer a physical injury from that impact.

Court to portions of Mr. Alfaro's deposition and affidavit wherein he discussed his singed hair, his discolored skin, and his emotional distress.[3]

The Florida Supreme Court has not had the opportunity to define injury or establish the degree to which a plaintiff must be injured in order to satisfy the impact rule.  See R.J., 652 So. 2d at 365 n.3 (Kogan, J., concurring) ("There has been much debate over the definition of the word 'injury.'  We need not address that question today.").  Clues indicate, however, that the impact and injury required under the rule are relatively minimal. The Florida Supreme Court stated as much, in dicta, when it stated that "to suffer an impact, a plaintiff may meet rather slight requirements."  Zell v. Meek, 665 So. 2d 1048, 1050 n.1 (Fla. 1995).  The court then recited and approved the Third District Court of Appeal's view of impact: "'The essence of impact, then, it seems, is that the outside force or substance, no matter how large or small, visible or invisible, and no matter that the effects are not immediately deleterious, touch or enter the plaintiff's body." Id. (quoting Eagle-Picher Indus., Inc. v. Cox, 481 So. 2d 517 (Fla. 3d DCA 1985)).  Additionally, the Florida Supreme Court's so-called Champion exception to the impact rule also indicates that the degree of impact or injury required under the traditional rule is minor.  The Champion exception requires that the plaintiff's emotional damages flow "from a *significant discernible physical injury* when such injury is caused by psychic trauma resulting from negligent injury imposed on another who, because of his relationship to the injured party and his involvement in the event causing that

---

[3] Mr. Alfaro did not seek medical assistance for the injuries he sustained in the fire, nor did he seek treatment for any psychological distress he may have suffered.  His testimony is all that is available to support his claim for emotional distress damages.

injury, is foreseeably injured." <u>Champion v. Gray</u>, 478 So. 2d 17, 20 (Fla. 1985) (emphasis added).  Thus, Florida law requires that if a plaintiff is not personally and directly impacted by the negligence of another, then she must manifest a "significant and discernible physical injury" as a result of her emotional distress.  The traditional rule requiring direct physical impact and injury contains no such modifiers.

The cases cited by the parties offer little insight into the analysis; most pertain to exceptions to the rule or to claims with no allegations of injury even if there may have been a "touching."  <u>See</u> <u>supra</u> n.1.  The impact suffered by Mr. Alfaro was minimal, but it occurred. His injuries – singed hair and discolored skin – while perhaps not causing him physical pain, do amount to a physical harm or damage to his body.[4]  In <u>Canberg v. City of Toccoa</u>, a Georgia state appellate court applied the same impact rule to a case involving a house fire. 567 S.E.2d 21, 23 (Ga. Ct. App. 2002).  There, the plaintiffs' claims that the smoke and fire caused their eyes to burn, sting, and water was sufficient impact and injury to satisfy the first two parts of the impact rule.  <u>Id.</u> at 22-23 (granting defendant's motion for summary judgment, however, because plaintiffs failed to claim their emotional distress was caused by their physical injuries).[5]  Had the fire caused blisters on his skin, or had the smoke caused

---

[4] Black's Law Dictionary defines bodily or physical injury as "[p]hysical damage to a person's body"; injury is defined as "[a]ny harm or damage." <u>Black's Law Dictionary</u> 801 (8th Ed. 2004).

[5] <u>Cf.</u> <u>Ketchmark v. N. Ind. Pub. Serv. Co.</u>, 818 N.E.2d 522, 525 (Ind. Ct. App. 2004) (applying modified impact rule in home explosion case and precluding recovery for emotional distress where home explosion occurred when plaintiffs were away and where they suffered neither impact nor injury); <u>Gorman v. I & M Elec. Co., Inc.</u>, 641 N.E.2d 1288, 1290 (Ind. Ct. App. 1994) (denying claim for emotional distress damages arising from house fire where plaintiff suffered no impact or injury from watching the fire from across the street);

damage to his lungs, or perhaps if even all of his hair had been burned off, there would

appear to be no question of whether Mr. Alfaro suffered an injury.  If there is a line to be

drawn in degree, it is not for this Court to decide.  Despite the minor nature of the injuries Mr.

Alfaro sustained, the Court is constrained to determine that there is some evidence in Mr.

Alfaro's deposition testimony and affidavit to support his allegations regarding impact, injury,

and emotional distress flowing from them.  Mr. Alfaro can submit the claim for emotional

damages, which is not premised on property damage, to the jury.

In accordance with the foregoing, Defendant's Motion for Reconsideration (Doc. 72)

is **GRANTED**.  Upon reconsideration, however, Defendant's Motion for Summary Judgment

(Doc. 36) as to Mr. Alfaro's claim for emotional distress damages is once again **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 12th day of October, 2007.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

_____

Nationwide Ins. Co. v. Ducane Indus., 580 A.2d 96, 97 (Conn. Super. Ct. 1990) (granting
defendants' motion for summary judgment on plaintiff's claim for emotional injuries arising
from witnessing home fire caused by allegedly defective propane-fueled barbeque grill where
none of the plaintiffs suffered any physical harm or injuries).